# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81431-CIV-ZLOCH/ROSENBAUM

JOHN PAXTON et al.,

      Plaintiffs,

vs.

GREAT AMERICAN INSURANCE COMPANY,

      Defendant.

_____/

## **ORDER**

These matters are before the Court on Defendant's Motions for Protective Orders [D.E. 109, 113] and Plaintiffs' Motion for Sanctions [D.E. 115, 119], referred for disposition by the Honorable William J. Zloch [D.E. 54]. After consideration of the Motions and all supporting and opposing filings, the Court denies Defendant's Motions for Protective Orders and grants in part Plaintiffs' Motion for Sanctions, for the reasons set forth below.

### *Background*

This suit, which originates from damages allegedly sustained to Plaintiffs John and Janet Paxton's home during Hurricane Wilma in 2005, was originally filed in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach Court, Florida, on October 29, 2008. D.E. 1. Defendant Great American Insurance Company removed the case to this Court on December 2, 2008. *Id.* According to the Complaint, Plaintiffs had an insurance policy with Defendant Great American Insurance Company. *Id.* Upon Plaintiffs' submission of a claim, Defendant agreed to pay for some of the damages to Plaintiffs' home, but the parties could not agree on the value of damages and whether certain expenses Plaintiffs incurred in repairing their home were covered by the insurance

policy with Defendant. *Id.* In an effort to establish Defendant's liability and receive what Plaintiffs perceive as the full value of damages to their property incurred as a result of Hurricane Wilma, Plaintiffs brought this lawsuit. *Id.*

On April 30, 2009, Judge Zloch entered an Order for Pre-Trial Conference, setting the discovery deadline in this case for January 8, 2010. D.E. 44. During the course of discovery, in a letter dated October 13, 2009, Plaintiffs requested Defendant provide available dates for depositions for Defendant's expert witness, Jim Price, as well as for Defendant's representatives, Craig Hoerst and Mark Miller, and a non-party insurance agent, A. Reed Schroeder. D.E. 110, D.E. 110-1, D.E. 115. According to Plaintiffs and uncontested by Defendant in its filings regarding the pending motions, Defendant did not respond. *Id.* Plaintiffs followed up in an October 27, 2009, letter to Defendant where Plaintiffs proposed deposition dates for all witnesses requested by both parties, including Mr. Price, Mr. Hoerst, and Mr. Miller, as well as Mr. Steven Heffelmire, another representative of Defendant. D.E. 110, D.E. 110-2, D.E. 115. Once again, Defendant did not respond. *Id.*

Two days later, on October 29, 2009, Plaintiffs contacted Defendant via e-mail and again requested that Defendant provide available dates for the requested depositions. D.E. 110, D.E. 110-3, D.E. 115. Having received no response, Plaintiffs again contacted Defendant later the same day and requested that Defendant provide available dates for the requested depositions, forwarding another copy of their October 27, 2009, letter to Defendant. D.E. 110, D.E. 110-4, D.E. 115. On October 29, 2009, more than two weeks after Plaintiffs' first request for discussion regarding available deposition dates, a legal assistant for Defendant's counsel finally responded to Plaintiffs and indicated that she would forward the information to the defense attorney and would be in touch

2

to coordinate mutually convenient dates for the depositions.  D.E. 110, D.E. 110-5, D.E. 115. Plaintiffs waited for six more days, but once again, no response came.  *Id.*  Consequently, on November 5, 2009, Plaintiffs once again contacted Defendant via e-mail, again forwarding the October 27, 2009, letter and requesting that Defendant provide available dates for the depositions, noting that the failure of Defendant to respond would force Plaintiffs to schedule depositions unilaterally.  D.E. 110, D.E. 110-6, D.E. 115.

On November 5, 2009, although defense counsel's legal assistant responded to Plaintiffs' e-mail of the same date warning of the need to schedule depositions unilaterally in the absence of a response from Defendants, she once again failed to agree to any deposition dates or to suggest any alternative deposition dates.  D.E. 110, D.E. 110-7, D.E. 115.  Instead, she stated simply that Defendant's counsel was attempting to clear the calendars of the defense attorneys so that depositions could be set and that she would contact Plaintiffs' counsel as soon as possible to set the deposition dates.  D.E. 110, D.E. 110-7, D.E. 115.  Receiving no response in the four days that followed, on November 9, 2009, Plaintiffs once again contacted defense counsel by e-mail regarding the available dates for depositions and indicating that if they did not hear from Defendant, Plaintiffs would unilaterally schedule depositions later that afternoon.  D.E. 110, D.E. 110-8, D.E. 115.

By 4:55 p.m. on November 9, 2009, nearly a month after Plaintiffs first requested deposition dates, Defendant still had provided Plaintiffs with not a single date for a single deposition, despite the looming January 8, 2010, discovery deadline.  Having received no cooperation from Defendant, Plaintiffs' counsel contacted Defendant's attorneys via e-mail and advised them that Plaintiffs had scheduled the depositions of Mr. Price for November 24 and 25, 2009, and Mr. Hoerst, Mr. Schroeder and Mr. Heffelmier for December 1, 2, and 3, 2009, respectively.  D.E. 110, D.E. 110-9,

D.E. 115.  Once again, Defendant did not respond.

On November 11, 2009, Plaintiffs faxed defense counsel the Notices of Taking Deposition Subpoena *Duces Tecum* for Mr. Price, Mr. Hoerst, Mr. Heffelmire, and Mr. Schroeder for the dates Plaintiffs had previously identified.  [D.E. 110, D.E. 110-10, D.E. 115, D.E. 115-10, D.E. 115-11, D.E. 115-12, D.E. 115-14, D.E. 115-15].  Plaintiffs also faxed a Notice of Deposition for Mr. Miller for January 7, 2010 [D.E. 115-13], and served Mr. Price on November 16, 2009, with his Notice of Taking Deposition.  *See* D.E.110-11.

 On November 17, 2009, more than a month after Plaintiffs originally sought to schedule mutually convenient deposition dates, counsel for Defendant finally contacted Plaintiffs and requested a change to the time of Mr. Price's November 24, 2009, deposition from 9:00 a.m. to 10:00 a.m.  D.E. 110, D.E. 110-12.  Plaintiffs agreed and confirmed the new deposition time that same day via e-mail to Defendant.  D.E. 110, D.E 110-12.

Two days later, however, on November 19, 2009, Defendant complained that Plaintiffs had "unilaterally set" the deposition of Mr. Price for a date on which he was not available and requested that Plaintiffs move the deposition date of Mr. Price from November 24, 2009, to December 1, 2009, as defense counsel's calendar was "quite full already," and Defendant had "an attorney that [could] cover the 12/01/09 depo . . . ."  D.E. 110-13.  On the same day, November 19, 2009, Plaintiffs reminded Defendant that Mr. Hoerst's deposition had previously been scheduled for December 1, 2009, in Ohio, and, thus, the date of December 1st was unavailable for Mr. Price's deposition.  D.E. 110-15; *see also* D.E. 110-9, D.E. 115-10.

Without further discussion regarding Mr. Price's deposition, on November 20, 2009, Defendant filed its Motion for Protective Order to prevent the deposition of Mr. Price from occurring

4

on November 24.  D.E. 109, D.E. 110.  The same day, Defendant served its Designation of Expert

Witnesses, which identified Mr. Price as one of two defense experts.  *See* D.E. 110-16.

In its Motion for Protective Order regarding Mr. Price's November 24th deposition date,

Defendant acknowledges that Plaintiffs agreed to change the time of Mr. Price's deposition.  D.E.

109.  Defendant, however, alleges that Plaintiffs "unilaterally noticed" the deposition of their expert

Mr. Price on November 24th and that while coordinating this deposition, Defendant learned that Mr.

Price was unavailable from November 23rd  through the 29th.  *Id.*  Defendant avers that despite the

unavailability of Mr. Price on November 24, Plaintiffs refused to cancel or reschedule the November

24th deposition.  *Id.*  According Defendant, Plaintiffs' intention to proceed with deposition of Mr.

Price when he is unavailable imposes an "undue burden" on Defendant.  *Id.*  Further, Defendant

asserts that "its attempt to mutually reschedule expert Price's deposition within the discovery cutoff

has been denied by [Plaintiffs]."  *Id.*  Without providing an alternative date for the deposition of Mr.

Price, Defendant baldly submits that it "is willing to produce [Mr.] Price  at a subsequent date and

time to be mutually coordinated before the January 8, 2010, discovery cutoff herein."  *Id.*  As relief,

Defendant requests that the Court order Mr. Price's deposition to be rescheduled from November

24, 2009, to a mutually convenient date before the January 8, 2010, discovery cut-off.  *Id.*

On November 23, 2009, Plaintiffs served Messrs. Hoerst, Heffelmire, Schroeder and Miller

with their Deposition Notices – notices that Plaintiffs had sent to Defendant nearly two weeks earlier

and to which Defendant had expressed no objections.  *See* D.E. 115-14, D.E. 115-15, D.E. 115-16,

D.E. 115-17.  The next day, on November 24, 2009, defense counsel contacted Plaintiffs via fax,

advising Plaintiffs that he was "in the process of coordinating" the depositions of Messrs. Hoerst,

Heffelmire, Schroeder, and Miller.  D.E.  115-18.  Despite the fact that the dates for these

depositions had been noticed for approximately two weeks and discussed as early as a month before that time without objection from defense counsel, defense counsel then proposed alternative dates for the depositions of Messrs. Hoerst, Heffelmire, Schroeder, and Miller of January 6 and 7, 2010, even though Plaintiffs had previously noticed Mr. Miller's deposition for January 7, 2010, making that date unavailable. *Id.*; D.E. 115-13.

On the same day, November 24, 2009, Plaintiffs responded by e-mail that they needed three days to complete the four depositions and, thus, the two days of depositions proposed by Defendant were insufficient. D.E. 115-19. Reminding Defendant that these depositions had already been scheduled for December 1, 2, and 3, Plaintiff requested that if Defendant wanted to move the depositions, it needed to provide available alternative dates. *Id.*

Also on November 24, 2009, Plaintiffs filed a Response and Objection to Defendant's Motion for Protective Order regarding Mr. Price's November 24th deposition. D.E. 110.[1] Plaintiffs argue that they have attempted since mid-October on more than eight occasions over a period of four weeks to schedule the deposition of Mr. Price, and Defendant refused to respond or provide possible dates. *Id.* In light of the proximity of the January 8, 2010, discovery deadline, however, Plaintiffs assert that they had no choice but to set the deposition of Mr. Price for November 24th. *Id.* Plaintiffs further point out that Defendant still has yet to offer a proposed date for Mr. Price's deposition and contend that Defendant has similarly failed to demonstrate undue burden in proceeding with the deposition on a date of Plaintiffs' choosing, under the facts of the instant matter. *Id.* As a result, Plaintiffs urge that Defendant has failed to show good cause for a protective order. *Id.* Accordingly,

---

[1] Plaintiffs also included a Motion to Strike Defendant's Expert, Mr. Price, in D.E. 110. *See also* D.E. 117. Plaintiffs' Motion to Strike, however, is not before me. Rather, Judge Zloch is separately handling that matter.

Plaintiffs request that the Court deny Defendant's Motion for Protective Order and grant Plaintiffs other relief as the Court deems appropriate under the circumstances.

Returning in the chronology to the depositions of Messrs. Heffelmire, Hoerst, Miller, and Schroeder, in a November 25, 2009, e-mail, Defendant, again, proposed January 6 and 7 for the depositions as "the dates and times that the parties are available," despite Plaintiffs' objections voiced earlier to restricting the deposition period to two days and holding the depositions on the same day as that of Mr. Miller.  D.E. 115-20.  Nevertheless, in a faxed and e-mailed letter to Defendant, on the same day, November 25, 2009, Plaintiffs attempted to accommodate Defendant's request to restrict the deposition period for these deponents and suggested that it might be possible to complete the depositions of Messrs. Hoerst and Schroeder in a shorter time.  D.E. 115-21.  Thus, Plaintiff proposed to amend the Notice of Mr. Hoerst to reset the deposition for December 1, 2009, at 1:30 p.m. and also committed to try to complete Mr. Schroeder's deposition by 1:00 p.m. on December 2, 2009.  *Id.*

Counsel for the parties conducted a telephone conference on November 25, 2009, to discuss the depositions.  D.E. 115-22.  After the call, Defendant's counsel, Mr. Rock, sent Plaintiffs' attorney a letter in which he informed Plaintiffs that he was unavailable from December 1 through 3, and that he was currently in the process of "confirming the availability" of Messrs. Hoerst and Heffelmire.  *Id.*; D.E. 115-23.  Defendant requested that Plaintiff provide alternative dates for Mr. Schroeder's deposition, and Defendant advised that he would seek alternative dates for Messrs. Hoerst and Heffelmire's depositions.  *Id.*

Plaintiffs responded by letter of the same date.  In Plaintiffs' letter, Plaintiffs' counsel summarized the teleconference that had occurred earlier that day.  Plaintiffs assert that during the

call, Defendant's counsel informed Plaintiffs' attorney that Messrs. Hoerst, Heffelmire, and Schroeder were not available on December 1, 2, and 3, 2009, although Plaintiffs' counsel complained that Defendant's counsel did not inform Plaintiffs that he was not available for the December 1-3 depositions during the conference call, but rather, advised Plaintiffs' attorney of this for the first time in the letter he sent on November 25, 2009. D.E. 115-22. *Id.* Plaintiffs' counsel also explained that he was unavailable to conduct depositions other than that of Mr. Miller for the two days before the discovery deadline, on January 6 and 7, because of the previously scheduled deposition of Mr. Miller on January 7. *Id.* He further repeated that two days would not provide sufficient time for him to complete the four depositions. *Id.* Nevertheless, Plaintiffs suggested that Defendant provide other available dates besides January 6 and 7, 2010, and Plaintiffs would try to rearrange their schedules to accommodate defense counsel and Defendant's witnesses. *Id.*

Later on November 25, 2009, after the conference call between counsel and the exchange of letters, Defendant filed its Motion for Protective Order to prevent the depositions of Mr. Hoerst on December 1, 2009, Mr. Heffelmire on December 2, 2009, Mr. Schroeder on December 3, 2009, and Mr. Miller on January 7, 2010. D.E. 113. In this Motion for Protective Order, Defendant alleges that Plaintiffs unilaterally noticed these depositions without coordinating the availability of the witnesses or defense counsel. *Id.* Defendant further represents that "[e]very attempt to mutually reschedule the above depositions within the discovery cutoff has been denied by [Plaintiffs]." *Id.* Indeed, Defendant argues that despite the alleged unavailability of the witnesses on Plaintiffs' noticed dates, Plaintiffs have refused to cancel or reschedule the depositions. *Id.* Thus, Defendant requests that the Court enter a protective order excusing Messrs. Hoerst, Heffelmire, Schroeder, and Miller from the depositions as noticed by Plaintiffs and directing the parties to reschedule the

depositions at a "mutually convenient date before the January 8, 2010 , discovery cutoff." *Id.* at 4.

On November 30, 2009, Defendant confirmed that Messrs. Hoerst and Hefflemire would not be available for the December 1-3 depositions.  D.E. 115-25.  As a result, on  December 1, 2009, Plaintiffs acknowledged that they would not appear and canceled the depositions, but they did not release the witnesses from their subpoenas.  D.e. 114-26.

Plaintiffs filed a Response and Objection to Defendant's Motion for Protective Order regarding the depositions of  Messrs. Hoerst, Heffelmire, Schroeder, and Miller [D.E. 115] and Motion for Sanctions [D.E. 119] on December 2, 2009.   Plaintiff argues that despite the representations of Defendant, Plaintiffs made many attempts to coordinate the scheduling of these depositions with Plaintiffs, and Defendant failed to respond.  *Id.*  Consequently, Plaintiffs request that the Court deny Defendant's Motion for Protective Order and grant Plaintiffs sanctions for the forced cancellation of the properly noticed depositions of Messrs. Hoerst and Heffelmire, including requiring Defendant to produce the witness for deposition in Florida on a date of Plaintiffs' choosing before the discovery deadline, or other relief that the Court deems appropriate.  *Id.*  Furthermore, Plaintiff filed a Motion for Sanctions for Defendant's counsel's direction to its witnesses, Messrs. Hoerst and Heffelmire, not to appear for their depositions on December 1 and 2, 2009.

On December 7, 2009, Judge Zloch referred all pre-trial discovery matters to me, including Defendant's Motions for Protective Order, and Plaintiffs' Motion for Sanctions.  D.E. 122. Consequently, the Court set these Motions for a hearing scheduled for December 15, 2009, in an Order dated December 9, 2009.  D.E. 123.  On December 10, 2009, Defendant's counsel's office contacted Chambers to inform the Court that Defendant's counsel, Mr. Rock, was unavailable on December 15, 2009.  Chambers informed Defendant's counsel's office that in order to reschedule

the hearing, Defendant needed to contact Plaintiffs and provide to the Court mutually available dates of both parties for the hearing in the next two weeks, in light of the proximity of the discovery deadline and the multiple depositions at issue. Defendant's counsel did not follow up with Chambers with possible available dates to change the hearing date. Nor did defense counsel file a motion for a continuance of the hearing. Instead, on Friday, December 11, 2009, defense counsel contacted Chambers and left a message requesting to appear by telephone at the December 15th hearing.

The following week, on Monday, December 14, 2009, my staff advised defense counsel that he could appear for the hearing via telephone. At that time, Defendant's counsel's office requested to learn how to file the *pro hac vice* application of an associate of Defendant's counsel, N. John Hedrick, Jr., along with the required check, by December 15, 2009, the date of the hearing, in order for Mr. Hedrick to appear on behalf of Defendant at the scheduled hearing. Court staff explained that she did not know how defense counsel could timely file the required application and fee less than 24 hours before Mr. Hedrick would have to make his appearance, considering that defense counsel is located in Maitland, approximately four hours north of the courthouse. She further noted that any *pro hac vice* application would have to be determined by Judge Zloch unless he specifically decided to refer the matter to me. Defense counsel's office advised the Court that defense counsel would get back to the Court regarding the manner in which it intended to proceed. Having heard no response by 3:00 p.m., the Court concluded that it had no choice but to cancel the hearing set for 10:00 a.m. the following day, since Plaintiffs' counsel was also traveling from out of town to attend the hearing. Waiting much longer could have resulted in Plaintiffs' counsel having to make an unnecessary trip to Fort Lauderdale for a hearing that could not proceed because defense counsel

10

failed to make timely arrangements for an appearance.

### *Analysis*

As Defendant seeks a protective order, the Court beings with a review of Rule 26(c), Fed. R. Civ. P., which governs the issuance of protective orders.  Rule 26(c) provides that a court "for good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."   R. 26, Fed. R. Civ. P. "While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule." *Farnsworth v. Center for Disease Control*, 758 F.2d 1545, 1547 (11th Cir. 1985) (citations omitted). In the evaluation of whether a party has satisfied the burden of "good cause," "a court should balance the non-moving party's interest in obtaining discovery and preparing for trial against the moving party's proffer of harm that would result from the [discovery]." *Barrata v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (citing *Farnsworth*, 758 F.2d at 1547).  Generally, a party moving for a protective order must make a specific demonstration of facts in support of the request, as well as of the harm that will result without a protective order. *Dunford v. Rolly Marine Service, Co.*, 233 F.R.D. 635, 636 (S.D. Fla. 2005).

Here, the Court finds that Defendant has not met its burden to establish a need for protective orders regarding any of the depositions of its witnesses.  To the contrary, Defendant effectively created the situation from which it now seeks relief when, over a period of a month, it refused to respond constructively to eight requests to schedule the depositions in this case before expiration of the discovery deadline, despite Plaintiffs' warnings that Defendant's failure to cooperate in setting the deposition schedule would force Plaintiffs to have to set the depositions unilaterally for the dates

Plaintiffs had indicated in their multitude of one-sided communications with defense counsel.  For Defendant to complain now that Plaintiffs "unilaterally set" the depositions at issue is an incomplete description of the situation, at best.

A review of the record reveals that defense counsel's lack of any effort whatsoever to work with Plaintiffs' counsel to schedule these depositions was prejudicial to Plaintiffs, who repeatedly attempted to create a mutually convenient schedule to conduct the multiple depositions before the discovery deadline.  Instead of working with Plaintiffs during the last two-and-one-half months to set the multiple depositions, Defendant asks this Court to cram four of Plaintiffs' depositions into the last two days of the discovery period.  But for Defendant's failure to respond to Plaintiffs' numerous requests for available deposition dates, however, the parties would not be in a situation where multiple depositions must be held less than a month before the discovery deadline and in the midst of holiday season.  Despite Defendant's representations in its Motion, Defendant's actions reflect no mutual effort by Defendant to work with Plaintiffs on scheduling these depositions, nor does Defendant offer reasonable explanations as to why defense counsel has been unavailable for the past two-and-one-half months.

Moreover, not only did Plaintiffs have difficulty scheduling Defendant's counsel, but the Court likewise could not schedule Defendant's counsel for an appearance on its own Motions. While the Court attempted to give Defendant the opportunity to be heard at a hearing scheduled for December 15, 2009, regarding its Motions, Defendant's counsel, Mr. Rock, represented that he was unavailable.  Furthermore, though rescheduling was an option, Defendant's counsel did not offer the Court mutually convenient dates where both parties could appear in the next two weeks to reschedule the December 15th hearing.  And, although defense counsel has arranged for two attorneys other than

12

Mr. Rock to appear before this Court in this case on prior occasions, Defendant's counsel made no arrangements for a lawyer admitted to the Southern District of Florida Bar to appear for this hearing – even by telephone.  Instead, defense counsel waited until the day before the hearing to leave his associate to scramble to find a way to obtain *pro hac vice* admission for the December 15th hearing. Because defense counsel was unable to accomplish this feat, this Court had little choice but to cancel the hearing.

Having found no good cause justifying the requested protective orders, the Court **DENIES** Defendant's Motions for Protective Orders.  Plaintiffs shall offer Defendant two alternative dates for each of the remaining depositions.  These dates shall be weekdays that are not federal holidays, unless both parties agree otherwise, and they shall be before the January 8, 2010, discovery deadline. Defendant shall arrange for its witnesses to attend each of their depositions on one of the two dates provided by Plaintiffs, and Defendant shall notify Plaintiffs within 24 business hours of being advised of the alternative deposition dates of the date that it prefers for each deposition.

As for Plaintiffs' request for attorney's fees, Rule 37(a)(5), Fed. R. Civ. P., provides the framework for consideration of Plaintiff's request.  Rule 37(a)(5) provides that where a motion for protective order is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."  "[D]iscovery conduct should be found 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'"  *Devaney v. Continental Amer. Ins. Co.*, 989 F.2d 1154,

1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted)).

"The burden of establishing substantial justification is on the party being sanctioned." *Telluride*

*Mgmt. Solutions, Inc. v. Telluride Inv. Group*, 55 F.3d 463, 466 (9th Cir. 1995), *abrogated on a*

*different basis by Cunningham v. Hamilton County*, 527 U.S. 198 (1999).

Here, Defendant had an opportunity to be heard.  Under this Court's Local Rules, Defendant

had the right to file a reply brief to Plaintiffs' Response to Defendant's Motion for Protective Order

[D.E. 115] in which Plaintiffs requested that the Court award fees incurred in responding to

Defendant's Motions.  *See.* S.D. Fla. L.R. 7.1.C.  Defendant, however, allowed the reply period to

lapse without responding.  Additionally, the Court attempted to hold a hearing on Defendant's

Motions, but defense counsel did not facilitate that hearing, and the Court was forced to cancel it.

Under these circumstances, the Court finds that Defendant had adequate opportunity to be heard but

chose not to take advantage of that chance.

Nor can the Court find that Defendant was substantially justified in filing its Motions for

Protective Order or that other circumstances render an award of fees unjust.  First, the Local Rules

require the parties to confer in good faith before filing a motion with the court.  *See* S.D. Fla. L.R.

7.1.A.3.  Defendant's actions in this case simply do not meet this standard.  For a month, despite

eight attempts by Plaintiffs' attorneys, defense counsel effectively refused to work with Plaintiffs'

counsel to set the depositions that are the subject of the Motions for Protective Order.  Not only does

such conduct fail to constitute a good-faith attempt to resolve the issues Defendant raised in its

Motions, but it also runs contrary to the principles espoused in the Discovery Practices Handbook

that appears at Appendix A to this District's Local Rules.  "Discovery in this District is normally

practiced with a spirit of cooperation and civility."  S.D. Fla. L.R. App. A, I.A.(1).  The Court finds

14

that a reasonable fee for Plaintiffs' services associated with opposing Defendant's Motions for Protective Order amounts to $2,000.00.  Defendant shall make payment to Plaintiffs of this amount within 30 days of the entry of this Order.

### *Conclusion*

For the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motions for Protective Order [D.E. 109, 113] are **DENIED** and Plaintiffs' Motion for Sanctions [D.E. 115, 119] is **GRANTED in part and DENIED in part**, consistent with this Order.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 16th day of December, 2009.

ROBIN S. ROSENBAUM
United States Magistrate Judge

cc:     Honorable William J. Zloch
        Counsel of Record

15